UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD C. EVERETT,<br><br>    Plaintiff,<br><br>    v.<br><br>C.D.C.R.,<br><br>    Defendant. | No. 2:18-cv-01894 CKD P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has consented to have all matters in this action before a United States Magistrate Judge. See 28 U.S.C. § 636(c); ECF No. 12.

Plaintiff requests leave to proceed in forma pauperis. Since plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

1

1 | exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

**I.     Screening Standard**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

////

////

2

**II.     Allegations in Plaintiff's Complaint**

Plaintiff is an inmate confined at New Folsom State Prison in Represa, California. In the complaint, plaintiff alleges that his safety is being threatened with words to influence him "to be a homosexual." ECF No. 1 at 3. He also alleges that he was placed in a small holding cell and handcuffed behind his back without any mental health treatment. Id. at 4. Plaintiff asserts that this has caused him to be emotional and depressed. Id. While plaintiff names Captain Riley and Sergeant Smith as defendants in this action, he does not identify any individual action for which these defendants were responsible. By way of relief, plaintiff would like the court to order unnamed individuals removed from the mental health care program at the prison. Id.

**III.    Analysis**

Allegations of verbal harassment generally do not state a claim under the Eighth Amendment unless it is alleged that the harassment was "calculated to ... cause [the prisoner] psychological damage." Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987); see also Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998). Verbal harassment intended to humiliate or endanger the inmate may violate the Constitution. See Keenan, 83 F.3d at 1092. However, verbal insults are not sufficient to state a claim. See Oltarzewski, 830 F.2d at 139. This is true even where the verbal harassment is of a sexual nature. Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) (holding that "the Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment.").

In this case, it is unclear to the court what words were actually spoken to plaintiff that allegedly caused him any psychological damage. Nor does plaintiff identify who spoke any words that caused him harm. There are no allegations that the psychological abuse was done with the intent to humiliate or endanger plaintiff. For all of these reasons, the allegations are insufficient to state a valid Eighth Amendment claim.

Plaintiff has also named the California Department of Corrections and Rehabilitation ("CDCR") as a defendant in this action. However, under the Eleventh Amendment, states and state agencies enjoy sovereign immunity from private suits for damages or injunctive relief in federal court, unless the state has waived or Congress has validly overridden such immunity.

Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court...." Id. Moreover, Congress did not override sovereign immunity with respect to § 1983 suits. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 67, 71 (1989) ("We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent.... We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983."). Accordingly, any claims against the CDCR are frivolous and must be dismissed.

To the extent that the complaint names the Chief Psychologist for the CDCR as an additional defendant, the allegations against this defendant must also be dismissed. Plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Because respondeat superior liability is inapplicable to § 1983 suits, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Id. An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743–44 (9th Cir. 1978). Therefore, any claims against this defendant must be dismissed.

Based on the above analysis, the complaint fails to state a valid claim for relief against any defendant and must therefore be dismissed. The court will, however, grant leave to file an amended complaint. If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, in his amended complaint, plaintiff must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.

Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**IV.     Plain Language Summary for Pro Se Party**

Since plaintiff is acting as his own attorney in this case, the court wants to make sure that the words of this order are understood. The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has read the complaint that you filed and concluded that it does not state a claim against any of the named defendants. However, the problems with your complaint may be fixable so you are being given the chance to file an amended complaint within 30 days of this order. Should you decide to try again, pay careful attention to the problems described in this order and how they can be fixed.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 9) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint." Failure to file an

////

amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: November 15, 2018

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/ever1082.14.new.docx