UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD C. EVERETT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>C.D.C.R.,<br><br>　　　　　Defendant. | No. 2:18-cv-01894 CKD P<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a California prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Currently before the court is plaintiff's first amended complaint. ECF No. 23.

**I.　Screening Standard**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[ ] to state a claim upon which relief may be granted," or that "seek[ ] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

**II.　First Amended Complaint**

In the amended complaint, plaintiff names Dr. Patterson, a psychologist at New Folsom State Prison, as the sole defendant. ECF No. 21 at 2. He alleges that on "4/3/2018 at 10:45 a.m."

and "4/10/2018 at 11:00 a.m." defendant Dr. Patterson verbally abused plaintiff by trying to convince him that "it is o.k. to be with a homosexual." ECF No. 21 at 3. Plaintiff further alleges that defendant Dr. Patterson was trying to hook him up with a Psychiatric Technician at the prison by the name of Bonnie who is a transgender man. Id. at 5. According to the allegations in the amended complaint, defendant Dr. Patterson had "Mr. Bonnie" talk to plaintiff "in a very sexy way…." Id. This made plaintiff feel depressed and suicidal and on May 1, 2018 plaintiff put his own human waste all over his face. Id. at 5-6. As a remedy, plaintiff "would like Dr. Patterson to be removed from his position and from the mental health program" at CSP-Sacramento. Id. at 4.

**III. Analysis**

The allegations in the first amended complaint are against the exact same defendant and allege the exact same conduct as plaintiff's complaint in Everett v. Patterson, 2:18-cv-01082 CKD P (E.D. Cal. 2018), which was filed before the present civil rights action. However, plaintiff does not have the right to file two separate actions "involving the same subject matter at the same time in the same court and against the same defendant." Adams v. Cal. Dep't of Health Services, 487 F.3d 684, 688 (9th Cir. 2007) (citations omitted), overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904 (2008). In order to determine whether a second action is duplicative of an earlier-filed action, the court must "examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." Id. at 688-89 (citations omitted). In this case, the causes of action and relief sought are nearly verbatim to those in plaintiff's earlier-filed civil rights lawsuit. In both cases, the only named defendant is Dr. Patterson. For all these reasons, the undersigned concludes that this case is duplicative of the earlier-filed civil rights action and should be dismissed.

**IV. Plain Language Summary for Pro Se Litigant**

Since plaintiff is acting as his own attorney in this case, the court wants to make sure that this order is understood. The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has read the allegations in your first amended complaint and is recommending that it be dismissed because your allegations are the same as another pending civil rights case that

you filed.  If this recommendation is accepted by the district court judge assigned to your case, this case will not proceed any further and this civil action will be closed.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of Court randomly assign this matter to a district court judge.

IT IS FURTHER RECOMMENDED that:

1. Plaintiff's first amended complaint (ECF No. 21) be dismissed as duplicative; and,
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 25, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/ever1894.screening.docx

3